JUDGE CASTEL 12 CIV 4788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED JUN 19 2012 U.S.D.C. S.D. N.Y. CASHIERS

JANE ROE and JANE DOE, individually and on the behalf of all others similarly situated,

Plaintiffs,

vs.

EMPIRE BLUE CROSS BLUE SHIELD and ST. JOSEPH'S MEDICAL CENTER,

Defendants.

Civil Action No.

**CLASS ACTION COMPLAINT FOR RELIEF UNDER ERISA**

Plaintiffs Jane Roe ("Roe") and Jane Doe ("Doe") (collectively "Plaintiffs"), by and through their attorneys, Newman Ferrara LLP, as and for their Class Action Complaint, allege upon knowledge, information, and/or belief as follows:

**NATURE OF THE ACTION**

1. This is a class action brought pursuant to Section 502 of the Employment Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132, against Empire Blue Cross Blue Shield ("BCBS") and St. Joseph's Medical Center ("St. Joseph's") as sponsors and/or administrators of the Direct POS Plan for Saint Joseph's Medical Center (the "Plan"), for unlawful interference with the rights accorded to Plaintiffs by ERISA, by denying benefits in a discriminatory manner based on their status as partners in a legally recognized same sex marriage.

2. At all relevant times, St. Joseph's was the Plan sponsor responsible for providing health care benefits to the employee Plan participants and beneficiaries, including the Plaintiffs and other similarly situated individuals, who, under the terms of the Plan, were and are entitled to medical benefits.

3. At all relevant times, BCBS was the Plan administrator responsible for administering the Plan's benefits for Plan participants and beneficiaries, including the Plaintiffs and other similarly situated individuals, who, under the terms of the Plan, were and are entitled to medical benefits.

4. Despite the fact that New York State recognizes same-sex marriage, St. Joseph's and BCBS maintained a provision of the Plan excluding same-sex spouses from eligible dependents of Plan participants. As such, by imposing and/or enforcing this provision, Defendants St. Joseph's and BCBS discriminatorily, imprudently and unlawfully interfered with benefits to which Plaintiffs were entitled in violation of ERISA §§ 409 and 510.

5. Plaintiffs brings this as a class action on behalf of all: (a) all persons who are participants in or beneficiaries of a BCBS insurance plan, and who were or might be denied medical benefits coverage as a result of an employer's policy that excludes coverage for same-sex spouses; and (b) all participants and beneficiaries of the Plan who were denied medical benefits coverage as a result of St. Joseph's policy excluding coverage for same-sex spouses.

6. Accordingly, under ERISA § 502(a)(3), Plaintiffs seek equitable relief from Defendants, including, without limitation, injunctive relief and, as available under applicable law, reinstatement of benefits, past, present, and future, as well as attorney's fees and costs.

## PARTIES

**Plaintiffs**

7. Plaintiff Roe, at all times relevant hereto, was and is an employee of St. Vincent's Westchester , a division of St. Joseph's, and a resident of Westchester County, New York, and a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

8. Plaintiff Doe, at all times relevant hereto, was and is the legal spouse of Plaintiff Roe and a resident of Westchester County, New York, and is a proper "beneficiary" of the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

**Defendants**

9. Defendant St. Joseph's is the Plan "sponsor" within the meaning of ERISA), and has its principal place of business located 127 South Broadway, Yonkers, New York 10701. Through its administration and discretionary management of the Plan, St. Joseph's is a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. Defendant BCBS is the Plan "administrator" within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1102(16)(A), and maintains its principal place of business at 633 Third Avenue, New York, New York 10017.

## JURISDICTION AND VENUE

11. **Subject Matter Jurisdiction.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

12. **Personal Jurisdiction.** ERISA provides for nation-wide service of process. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). All of the Defendants are either residents of the United States or are subject to service in the United States, and this Court therefore has personal jurisdiction over them. This Court also has personal jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would all be subject to the jurisdiction of a court of general jurisdiction in the State of New York.

13. **Venue.** Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this District, some or all of the conduct

and/or fiduciary breaches for which relief is sought occurred in this District, and/or some Defendants reside or maintain their primary place of business in this District.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action as a class action pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and the following class of persons similarly situated (the "Class"):

> All persons who are participants in or beneficiaries of BCBS insurance plans in the State of New York who were or might be denied medical-benefits coverage as a result of an employer's policy that excludes coverage for same-sex spouses.

15. Plaintiffs also bring this action as a class action pursuant to Rules 23(a), and (b)(2) of the on behalf of themselves and a subclass of St. Joseph's Plan participants and beneficiaries who have been or will be affected by St. Joseph's policy of excluding coverage for same-sex spouses (the "Subclass").

16. Plaintiffs meet the prerequisites of Rule 23(a) to bring this action on behalf of the Class and Subclass because:

a. ***Numerosity.*** The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are thousands of legally married, same-sex couples who reside in New York. Plaintiffs submit that a great number of these individuals have sought but have been denied (or will be denied) medical benefits under a BCBS administered plan where the employer excludes coverage for same-sex spouses. As for the Subclass, Plaintiffs are not presently able to ascertain the number of St. Joseph's

employees and/or Plan participants negatively affected by St. Joseph's policy but believe numerosity will be satisfied following discovery on this issue.

    b.    ***Commonality.*** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting solely individual members of the Class and Subclass. Among the questions of law and fact common to the Class and Subclass are:

        i.  Whether Defendants violated ERISA;

        ii.  Whether Defendants discriminated against Plaintiffs in violation of 29 U.S.C. § 1140;

        iii.  Whether the Defense of Marriage Act (DOMA), 28 U.S.C. § 1738C, is unconstitutional;

        iv.  Whether Defendants are liable to Plaintiffs despite DOMA; and

        v.  The extent and calculation of damages caused by Defendants' conduct.

    c.    ***Typicality.*** Plaintiffs' claims are typical of the claims of the members of the Class and Subclass because the Plaintiffs and the other members of the Class and Subclass, were or will be denied benefits due to their status as legally recognized same-sex spouses as a result of Defendants' wrongful and discriminatory policies, in violation of ERISA as complained of herein.

    d.    ***Adequacy.*** Plaintiffs will fairly and adequately protect the interests of the members of the Class and Subclass and have retained counsel competent and experienced in class action, complex, and ERISA litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class or Subclass.

17. Class action status is also warranted under the other subsections of Rule 23(b)(2) because: (a) Defendants have taken actions which apply to the Class universally, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and (b) questions of law or fact common to members of the Class predominate over any questions affecting only individual members and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## STATEMENT OF FACTS

***Background***

18. Plaintiff Roe has been an employee of St. Joseph's from September 2007 to present, and a participant in the Plan on all pertinent dates.

19. The Plan is an Empire BCBS Direct Group POS Plan administrated by BCBS and sponsored by St. Joseph's.

20. On or about October 15, 2011, following the passage of N.Y. DOM. REL. LAW § 10-a(1) (2011), otherwise known as the Marriage Equality Act, which legalized same-sex marriages in New York and mandated full legitimacy be accorded to all same-sex marriages with respect to all applicable laws, Plaintiff Roe married her partner Plaintiff Doe.

21. On or about December 16, 2011, during the open period of Plan enrollment, Plaintiff Roe made a request to St. Joseph's that her spouse, Plaintiff Doe, be added as a dependent to her medical benefits coverage so that she could receive the benefits that are provided by the Plan as such benefits are regularly provided to spouses under the Plan.

22. On or about December 22, 2011, Plaintiff Roe was notified verbally by Carmela Pisanello of St. Joseph's Human Resources that her spouse would be denied coverage because the Plan expressly excluded "same-sex" couples as eligible dependents of the Plan's participants.

Plaintiff Roe requested that the denial be put in writing and, on or about February 8, 2012, she received a letter from Ms. Pisanello confirming the denial of coverage.

23. In accordance with the grievance procedures set forth in the Plan, on April 12, 2012, Plaintiff Roe sent "Level 1" grievance letters to both BCBS and St. Joseph's complaining about the denial of coverage and requesting that the determination be reversed. Despite the Plan requirement that BCBS respond within fifteen (15) calendar days, Plaintiffs received no response to their Level 1 grievance.

24. Again, in accordance with the same grievance procedures, on May 23, 2012, Plaintiff Roe sent a "Level 2" grievance letter to both BCBS and St. Joseph's complaining once more about the denial of coverage and requesting reconsideration.

25. On or about May 29, 2012, BCBS responded to the Level 2 grievance letter in writing, informing Plaintiff Roe that the denial of coverage would not be reversed because "under [the Plan], same sex spouse and domestic partner is an EXCLUSION under the benefit."

***The Law***

26. New York State law consummates and recognizes the marriage of same-sex couples as legal and binding and requires that those marriages should be accorded the same rights, benefits and privileges as a heterosexual marriages pursuant to the Marriage Equality Act.

27. Because DOMA unlawfully discriminates against same-sex spouses, it is unconstitutional and therefore should not be used as a basis to deny Plaintiffs their right to medical benefits under the Plan. In the absence of DOMA, ERISA would (and should under the Tenth Amendment) follow the law of New York and thus mandate non-discriminatory coverage.

28. However, despite the law of New York which recognizes same-sex marriage, ERISA currently looks first to federal law in defining its terms. Here, the only federal law that

speaks to the definition of marriage is DOMA. Unlike the law of New York, DOMA provides that marriage, for the purpose of federal law, exists only between one man and one woman, and defines spouse as an individual of the opposite sex. 1 U.S.C.S. § 7 (1996).

29. In a recent First Circuit opinion, the Court of Appeals found that Section 1 of DOMA, which defines marriage narrowly as between two individuals of the opposite sex, was unconstitutional on the basis that the extreme economic burden placed on gay citizens seeking medical benefits, tax benefits and spousal death benefits outweighed the Congressional purposes of DOMA which violated the Equal Protection Clause. Furthermore, the First Circuit found that DOMA violated the Tenth Amendment because its purposes, such as maintaining the morality and tradition of heterosexual marriage, were not so substantially compelling as to countervail the burdens of choice which DOMA inflicts on states with legalized same-sex marriage on a traditionally state regulated matter. *See Common Wealth of Massachusetts v. U.S. Dep't of Health and Human Services*, 698 F.Supp.2d 234 (2012).

30. Similarly, on June 6, 2012, DOMA was found unconstitutional by Judge Barbara Jones of the Southern District of New York, who, like the First Circuit, determined that the governmental goals set forth by DOMA were illegitimate. Judge Jones adduced that DOMA had barely any significance with respect to three of the four goals proffered by Congress, and the fourth could not hold-up in lieu of DOMA's impact on homosexuals, a systematically oppressed demographic. *See Windsor v. U.S.*, 2012 WL 2019716 (S.D.N.Y. 2012).

31. This decision follows on the heels of another decision by a federal appeals judge in California who found that, as applied to a federal employee's denial of benefits to her same-sex spouse, DOMA was unconstitutional as it violated of the Equal Protection Clause. The judge in that case declared that discriminatory purposes of DOMA did not outweigh the negative

effects the statute has on homosexuals as a protected class. *See Golinsky v. U.S. Office of Personnel Mgmt.,* 824 F. Supp. 2d 968 (N.D. Cal. 2012).

32. Because DOMA is unconstitutional, its application in favor of New York State law is improper.

***Defendants' Policy is Unlawful***

33. St. Joseph's and BCBS should not be permitted to continue the discriminatory and unconstitutional practice of denying benefits to spouses in same-sex marriages while providing those same benefits for couples of the opposite sex.

34. The denial of benefits by the Plan's administrator and sponsor has resulted in an adverse action to Plaintiffs by interfering with their exercise of rights under the Plan and thus the Plaintiffs have been injured and seek redress from Defendants under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including, without limitation, injunctive relief, equitable relief and attorney's fees.

35. Defendants were and are fiduciaries of the Plan and responsible for administering and sponsoring the Plan, including having discretionary authority and control with respect to the terms, management and administration of the Plan, pursuant to 29 U.S.C. § 1002(21)(A).

36. The Plan states, as aforementioned, that dependents, who are same-sex spouses of Plan participants, are ineligible to receive benefits. The Defendants, at all relevant dates, have condoned and maintained that provision despite its clearly discriminatory purpose and effect.

37. As fiduciaries of the Plan, Defendants had the responsibility and duty of providing benefits to Plan participants and beneficiaries prudently and for the sole purpose of caring for the interests of those individuals pursuant to 29 U.S.C. § 1104. As Defendants failed to abide by their fiduciary duties by creating and maintaining a discriminatory provision which

interfered with and denied the attainment of rights accorded to Plaintiffs, they violated ERISA.

38. The Plan's provision, and the failure of Defendants to modify or expel it, directly caused adverse effects on the interests of Plaintiffs and Class Members by prohibiting their access to medical benefits, which are vitally important to maintaining healthy and productive lives.

## CLAIMS FOR RELIEF

### COUNT I
*(Claim for Benefits)*

39. Plaintiffs incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

40. Defendants unlawfully and discriminatorily interfered with the attainment of benefits to Plaintiffs in violation of ERISA § 510, 29 U.S.C. § 1140 by creating, condoning, and maintaining a discriminatory same-sex spouse exclusion under the Plan.

41. The exclusion was intentional and purposeful as evinced by its specific reference to "same sex spouses" in the terms of the Plan.

42. Because Plaintiffs were denied coverage based on this policy, they are entitled to relief under ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3).

### COUNT II
*(Claim for Breach of Fiduciary Duty)*

43. Plaintiffs incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

44. At all relevant times, the Defendants were fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

45. Defendants breached ERISA § 404, 29 U.S.C. § 1104 by interfering with the attainment of rights afforded by ERISA, namely the right to medical benefits as per an ERISA covered plan with the intent of discriminating against the same-sex spouses of Plan participants, and those members of the Class and Subclass mentioned herein.

46. Accordingly, Plaintiffs are entitled to appropriate equitable relief under ERISA § 502(a)(3) and/or additional benefits under ERISA § 502(a)(1)(B).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for an Order:

A. Declaring this action to be a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declaring that Plaintiffs are entitled to benefits under ERISA;

C. Declaring that Defendants, together and individually, breached their fiduciary duties under ERISA to Plaintiff and members of the Class and Subclass;

D. Compelling Defendants to provide past and future benefits to participants and beneficiaries so entitled;

E. Enjoining Defendants, together and individually, from any further violations of their duties under ERISA;

F. Awarding Plaintiff and members of the Class and Subclass their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

G. Awarding Plaintiff and members of the Class and Subclass such other and further relief as the Court may deem just and proper.

DATED: New York, New York
June 19, 2012

**NEWMAN FERRARA LLP**

By: ______________________

Jeffrey M. Norton
Randolph M. McLaughlin
Debra S. Cohen
1250 Broadway, 27th Floor
New York, New York 10001
Tel: 212-619-5400
Fax: 212-619-3090
jnorton@nfllp.com
rmclaughlin@nfllp.com
dcohen@nfllp.com

***Counsel for Plaintiff***

-12-

Class Action Complaint
for Violations of ERISA