# NEWMAN FERRARA LLP

1260 Broadway, 27th Fl., New York, NY 10001
tel. 212-619-5400 • fax 212-619-3090
www.nfllp.com

July 11, 2013

*Pre-motion Conference scheduled for Aug. 15, 2013 at 10:30 am.*

*Dated: July 22, 2013*

VIA FACSIMILE (212) 805-7943

Honorable Edgardo Ramos
U.S. District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**SO ORDERED:**

_____ 7/22/13
**U.S.D.J.**
Nelson S. Román

Re: *Jane Roe, et al. v. Empire Blue Cross Blue Shield, et al.*
12 cv 4788 (ER)

Dear Judge Ramos:

We represent the Plaintiffs in the above matter. On or about November 14, 2012, we forwarded to the Court a letter in further support of Plaintiffs' request for permission to file a motion for a preliminary injunction declaring that Defendants are precluded from denying Plaintiffs' health insurance benefits because they are a same-sex married couple.

On June 26, 2013, the United States Supreme Court issued a sweeping opinion striking down DOMA, which had declared that under federal law a marriage was defined as a legal union between a man and a woman. *U.S. v. Windsor*, No. 12-307, 2013 WL 3196928 (2013). In Justice Kennedy's opinion he re-affirmed that the "regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." *Id.* at *12 (internal citations, quotation marks omitted). The Court went on to observe that New York's "decision to give this class of persons the right to marry conferred upon them a dignity and status of immense import." *Id.* at *14.

To permit Defendants to continue to exclude Plaintiffs from health care coverage as a same-sex couple would debase the very institution that the State of New York sought to protect when it enacted the Marriage Equality Act. Justice Kennedy expressed the view of the Court when he stated:

> For same-sex couples who wished to be married, the State acted to give their lawful conduct a lawful status. This status is a far-reaching legal acknowledgement of the intimate relationship between two people, a relationship deemed by the State worthy of dignity in the community equal to all other marriages.

*Id.*



USDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 7/22/2013

Hon. Edgardo Ramos
July 11, 2013
Page 2

  Clearly, if federal law cannot dictate marital status for the purpose of benefits and the State of New York has deemed same-sex marriage on equal legal footing with opposite-sex marriage, then federal law (*i.e.*, ERISA) should not be interpreted in such a fashion that allow employers to make a discriminatory end-run around both. While *Windsor* concerned whether same-sex married couples can be denied federal benefits, the clear import of *Windsor* is that marriage deemed legal by the state cannot be nullified by virtue of federal law to the contrary. Interpreting ERISA to allow just that, would run counter to the Supreme Court's holding.

  In light of the foregoing, Plaintiffs respectfully renew their request for leave to file a preliminary injunction motion.

            Very truly yours,

            NEWMAN FERRARA LLP

            *[signature]* CFC

            Randolph M. McLaughlin

cc: *All counsel of record (via fax)*